**Maude M. ANDERSON, Appellant**
(Plaintiff below),

v.

Dan E. REES, L. M. Foster and Ray Walterscheid, County Commissioners of Laramie County, William H. Harrison, M. L. Morris and Richard Stephens as Election Inspectors and the Town of Pine Bluffs, a municipal corporation, Appellees (Defendants below).

No. 3228.

Supreme Court of Wyoming.
June 16, 1964.

Henderson, Godfrey & Kline, Paul B. Godfrey, Cheyenne, for appellant.

Maxwell E. Osborn and John W. Pattno, Cheyenne, for appellees.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

The motion to dismiss for alleged procedural defect in taking this appeal is overruled without comment.

By an amended complaint, plaintiff sought to have declared illegal, null and void and of no force or effect, an election held August 28, 1962, which was intended to incorporate as a town, under the name Pine Bluffs, an area consisting of Sections 10 and 15, the West Half of the West Half and Lots 1, 2, 3, and 4, of Section 11, and the West Half of the West Half and Lots 1, 2, 3, and 4, of Section 14, all in Township 14 North of Range 60 West of the Sixth Principal Meridian, Laramie County, Wyoming, which lands included plaintiff's properties lying in the Northwest Quarter and the North Half of the Southwest Quarter of said Section 10. The complaint also asked that the court determine plaintiff's property to be agricultural and not properly included in the municipal limits of the town so attempted to be incorporated or within any boundaries theretofore established as being within an incorporated town.

Before the trial commenced, plaintiff submitted, and the court gave to the reporter as an outline of plaintiff's position, a statement, the gist of which was that the Town of Pine Bluffs had been incorporated for many years; that it was a de jure municipal corporation; that its legal existence had been established by the decision in Griffin v. Town of Pine Bluffs, Wyo., 366 P.2d 993, rehearing denied 368 P.2d 132; that defendants had acknowledged and acquiesced in the corporate existence of the Town of Pine Bluffs over a period of years and defendants were now attempting to indirectly and *collaterally* attack the Town of Pine Bluffs' corporate existence and its corporate limits; that the 1962 election was null, void, and illegal; that irrespective of the validity of the 1962 election, plaintiff's property was not validly included in the corporate limits established by the 1962 election; that plaintiff's property is agricultural and not

urban in nature; that no municipal facilities are available or necessary to plaintiff; that plaintiff's lands are not contiguous to the populated area included in the Town of Pine Bluffs; that plaintiff's lands are not adaptable to urban use and there are no reciprocal benefits such as garbage disposal, police and fire protection available to plaintiff; that plaintiff's lands are being included only for tax purposes; that their inclusion within the corporate limits is unconstitutional, unreasonable, arbitrary, and a taking without just compensation, contrary to both federal and state constitutions; that the procedures in 1962 to incorporate were illegal, did not follow applicable Wyoming statutes, and were therefore invalid and illegal.

The defendants stated their contentions, as follows:

1. The court lacks jurisdiction.
   a. Private citizen [lacks] the capacity to attack the corporate existence or boundaries of the town.
   b. This is an election contest and is not brought by the proper parties or within the proper time.
2. That the election was held in accordance with statutory law and is not an invalid election.
3. Plaintiff's land was not included solely for the purpose of raising revenue without considering benefits.
4. The plaintiff has been receiving benefit and services from the town and has been paying taxes and being taxed within the limits of the town and is estopped from denying the town limits.
5. The land of the plaintiff was within the area south [sought] to be incorporated in the Town of Pine Bluffs, but that after the decision of the supreme court in Griffin v. Town of Pine Bluffs, there is no other way in which to re-establish

or *extend* the lines of the incorporation of a town other than by the method used in 1962.

The court found the 1962 election was regular; that an attempt was made in 1909 to incorporate the Town of Pine Bluffs, but the original town plat filed with the Board of County Commissioners of Laramie County could not be found in the office of the County Clerk, where by law it was required to be deposited; that there is no manner or method by which the corporate limits or boundaries of the Town of Pine Bluffs could be determined, established, or proved at or prior to the 1962 election, although theretofore municipal bonds had been issued, taxes levied, ordinances passed, officials elected, and business conducted; that plaintiff's property is contiguous with populated areas within the boundaries of the Town of Pine Bluffs and adapted to urban use and development; that plaintiff's property is served with electricity, fire protection, and paved access by the municipality; and that there was no evidence that plaintiff's lands were included in the town solely for tax purposes.

After concluding as a matter of law the 1962 election and proceedings in connection therewith were valid and established the Town of Pine Bluffs as an incorporated town under the laws of Wyoming and that plaintiff's property within the town was established by the 1962 election and its inclusion was not unreasonable or arbitrary and not in contravention of the federal and state constitutions and does not constitute taking of property without just compensation, the court gave judgment for defendants and dismissed plaintiff's complaint. The plaintiff appeals.

The record evidence includes a number of plats captioned respectively, "Pine Bluffs," filed in the office of the county clerk and ex-officio register of deeds September 16, 1886; "First Addition to Pine Bluffs," filed July 21, 1908; "Second Addition to Pine Bluffs," filed February 15, 1909; "Beatty Addition to Pine Bluffs Wyo.," filed June 7, 1909; "Block No. 8," filed May 17, 1910;

"Sherard-Hubbs Addition to Pine Bluffs," filed August 3, 1910; "P.A. Addition to the Town of Pine Bluffs," filed November 3, 1916; "Bickel Addition to the Town of Pine Bluffs," filed May 20, 1919; "Davis Addition to the Town of Pine Bluffs," filed October 22, 1946; and "Pine View Addition to the Town of Pine Bluffs," filed January 3, 1955 (erratum 1956).

There is also a map purportedly showing the corporate limits of Pine Bluffs on which appears a statement over the signatures of the mayor and clerk that it was approved by the Town Council of the Town of Pine Bluffs, filed February 2, 1944; a map purporting to show a proposed road from Pine Bluffs Cemetery north to Bickel Addition, filed December 16, 1946; a map entitled "Pine Bluffs Cemetery," filed March 28, 1951; a map purporting to show corporate limits of Pine Bluffs, bearing a statement over the signatures of the mayor and clerk that it was approved by the Town Council of the Town of Pine Bluffs, Wyoming, filed July 1, 1954; and a map entitled "Butler Avenue" filed October 2, 1962, on which appears the word "Approval" under which are the signatures of the mayor and clerk of the Town Council of the Town of Pine Bluffs, Wyoming, and also the signatures of the chairman and county clerk of the Board of County Commissioners of Laramie County, Wyoming.

The entire record of Griffin v. Town of Pine Bluffs, Wyo., 366 P.2d 993, rehearing denied 368 P.2d 132, is also in evidence, and among its exhibits is a map approved August 5, 1942, by the Town Council of the Town of Pine Bluffs, purporting to show the town's corporate limits.

In addition, the minutes of meetings of the Town Council of Pine Bluffs commencing June 7, 1909, and ending December 29, 1955, were received in evidence.

Of the plats filed with the county clerk only the plat of the P.A. Addition and the Bickel Addition were noted in the minutes of the town council as having been approved and accepted. The plat of the Beatty Addi-

tion was rejected at the council's meeting on January 4, 1917, because it did not provide east-west streets. However by quit-claims and by purchase it appears this objection was later cured, although no formal acceptance of the addition is found in the minutes of the town council.

Upon the plat filed September 16, 1886, there is endorsed, under date August 6, 1896, a notation that Blocks 1, 9, 10, 14, 15, 16, Public Square, 17, 18, 19, 20, 21, and 22, as shown on the plat were vacated, reference being made to Book of Maps, page 9, and markings appear upon the plat together with the words "Vacated," further identifying the blocks specified as being vacated.

There is also in evidence the March 4, 1909, commissioners' proceedings which state in part as follows:

"The board then proceeded to consider the incorporation of the Town of Pine Bluffs, Wyoming.

"Messrs Chas. W. Johnson, Sumner Miller and C. E. Carlstrum appeared before the board in behalf of the petitioners.

"No objections being raised, the board examined the various documents presented, to-wit:—

"The petition subscribed by the applicants and many others residing within the district to be incorporated, together with the affidavits of the three of the electors attached to said petition.

"The copy of the required notice, verified by affidavit.

"The census of the town, verified by affidavit of the person taking the same.

"The plat of the said town, verified by the affidavit of the surveyor or annexed thereto.

"The board, after duly considering the same, referred all papers above mentioned to the County and prosecuting attorney for his opinion as to the regularity of the steps taken, and he hav-

ing reported, that in his opinion, all of the steps so far taken are in accordance with the Statutes in such case made and provided, and the board being satisfied that all requirements of the law of this State relating to the matter have been fully complied with, and that the territory embraced within the limits of said town contains a population required by Section 1521 of the Revised Statutes of Wyoming 1899 [now § 15-138, W.S.1957]."

The April 9, 1909, commissioners' proceedings recite:

"A report was received from the inspectors of the incorporation of the town of Pine Bluffs. The Board being satisfied that the election to incorporate had been carried out as by law required, the County Clerk was instructed to notify the Inspectors to proceed with the election of officers."

This ended the functions of the Board of County Commissioners of Laramie County, Wyoming, with respect to the incorporation of the Town of Pine Bluffs, and created the Town of Pine Bluffs as a corporate entity.

Pursuant to its new status as an incorporated town, the elected council held its first regular session on June 7, 1909, and continued thereafter to regularly meet, keep minutes, and perform the duties prescribed for it as the governing body of a public municipal corporation.

From this résumé of pertinent evidence, it is apparent that the trial court erred in finding "the original town plat filed with the Board of County Commissioners of Laramie County cannot be found in the Office of the County Clerk where by law it was required to be deposited." The simple explanation for the trial court's misconception, of course, lies in the fact that it failed to recognize the 1886 plat as revised by the vacations made in 1896, as the plat upon which the 1909 proceedings were predicated.

No statute or law has been found which limits the time within which, after the making of a survey and map of a proposed in-

corporated area and filing the same, further proceedings must be continued to complete the incorporation of a town. As the plat of the Town of Pine Bluffs, containing a dedication by the owner of the lands involved and as altered by the vacation endorsement made in 1896, was the only plat of the Town of Pine Bluffs on file when, in 1909, additional steps were taken to effect the town's incorporation, it is obvious that the minutes of March 4, 1909, and of April 9, 1909, of the meetings of the Board of County Commissioners of Laramie County, Wyoming, recounting the further actions taken to incorporate Pine Bluffs in accordance with the statutory proceedings therefor, as provided by §§ 15–138 to 15–144, inclusive, W.S.1957, referred to and were based upon the survey, dedication, and plat filed of record in the county clerk's office September 16, 1886, as it was altered by vacation of several blocks in 1896.

■ Section 15–138, W.S.1957, provides: "Any territory *not included* in any incorporated city or town, which shall contain a resident population of not less than one hundred and fifty persons, and which shall contain within its boundaries an area of not exceeding three square miles, may be incorporated as a town in the manner herein provided." (Emphasis supplied.)

In consequence, the entire 1962 proceedings attempting to incorporate the whole of Sections 10 and 15, and what is substantially the West Half of Sections 11 and 14, all in Township 14 North of Range 60 West of the Sixth Principal Meridian, which territory includes the Town of Pine Bluffs, as already legally incorporated under the laws of this State, were completely null and void and of no force or effect whatsoever.

While it is not necessary to find a reason for the delay between the dedication and filing of the 1886 plat, and the completing procedures taken in 1909, it could be that the population requirement within the revised area shown on the 1886 plat was not sufficient until 1909 to complete the incorpora-

tion of the town under the restrictions of the above-mentioned statute.

The 1886 plat of the Town of Pine Bluffs, as altered by vacation of a portion of its area, shows the original Town of Pine Bluffs, both before and after the vacation, lay south of the railroad right of way in Section 15, and the northernmost portion of the incorporated town is more than three-eighths of a mile from the closest point of plaintiff's lands which are in the Northwest Quarter and the North Half of the Southwest Quarter of Section 10. As plaintiff's lands are not within the original incorporated Town of Pine Bluffs, the lawful additions thereto must be examined to determine if by later addition plaintiff's lands were included.

■ As stated above, while the plats of the purported additions all bear dedication of the lands in such additions, only the P.A. Addition and the Bickel Addition are shown in the minutes of the town council to have been formally accepted as additions to the incorporated Town of Pine Bluffs. The Beatty Addition was expressly rejected, although afterwards acceptance might reasonably be inferred. Similarly, it could be argued that subsequent acquiescence and participation in the corporate town's activities indicate that at least there was a tacit acceptance by the town of these additions. In any event, whatever laxity or shortcoming there may be with respect to the town's approval and acceptance of the dedicated additions as shown on their respective plats may be cured, even at this late date, by the town council's action.

For the purpose of illustration only, and taking as a basis for correlation of the several plats in evidence the map approved by the town council August 5, 1942, which purports to show the then corporate limits of the incorporated Town of Pine Bluffs, it appears that the present incorporated Town of Pine Bluffs may be as indicated below in Sections 14 and 15, with plaintiff's lands shown completely removed therefrom and lying wholly in Section 10.

Lot 1

Lot 2

11

Lot 3

Lot 4

ANDERSON
LANDS

Sec. 10

Sec. 15

Sec. 10 | Sec. 11

Sec. 15 | Sec. 14

Lot 1

U.P.R.R. Right of Way Line

ORIGINAL

TOWN

P.A.
ADDITION

SECOND

ADDITION

BICKEL

ADDITION

Lot 2

14

BEATTY

ADDITION

Sherard-Hubbs Addition

FIRST

ADDITION

DAVIS

ADDITION

Lot 3

PINEVIEW
ADDITION

Lot 4

Sec. 15

Sec. 22

Sec. 15 | Sec. 14

There is absent from the record any evidence which might be construed as showing there has been even a substantial compliance with our statutory proceedings for the annexation of plaintiff's lands to the existing incorporated Town of Pine Bluffs. See §§ 15-361 to 15-370, inclusive, W.S.1957. Of course, the amplification of these statutes by new sections enacted in 1963, was inapplicable when the 1962 proceedings were had. Thus plaintiff's lands are clearly shown to be outside and noncontiguous to the incorporated Town of Pine Bluffs.

There seems to be confusion in the position taken by both appellant and the appellees concerning the holding of this court in the Griffin case relative to the incorporated status of the Town of Pine Bluffs. That opinion, at 366 P.2d 997, plainly stated:

"* * * No fault is found with appellee's authorities holding a private party may not challenge the corporate existence of municipalities or the validity of annexation proceedings. But they are not applicable here because the complaint in this case does not challenge either the corporate existence or the validity of any annexation proceedings of the Town. Griffin merely claims his land, from which the gasoline was sold and taxed, was not within the limits of the Town, and he sought recovery of such taxes paid under protest and injunction against their future illegal assessment and collection. That was the sole and simple issue. * * *"

▪ Now, the issue before this court is whether plaintiff's lands are within the incorporated Town of Pine Bluffs. When, as we have concluded, the original incorporated Town of Pine Bluffs, together with all additions, which in any reasonable view might be considered as enlarging the boundaries of the present incorporated town, does not include plaintiff's lands, coupled with the fact that the 1962 proceedings which attempted to include plaintiff's lands within the Town of Pine Bluffs were entirely void and illegal because the incorporated Town of Pine Bluffs was already a corporate body, it follows that plaintiff's lands are not within the incorporated Town of Pine Bluffs.

Contrary to appellees' contention, the plaintiff does not attack the incorporated status or existence of Pine Bluffs. The appealing plaintiff insists that Pine Bluffs was and is an incorporated town. Plaintiff only denies that her lands are a part of or within that corporate entity and claims the 1962 proceedings were void and illegal.

The trial court did not find that Pine Bluffs was not an incorporated town prior to the 1962 proceedings. The district court merely erroneously held that the boundaries of the incorporated Town of Pine Bluffs could not be ascertained. The testimony of the deputy county clerk, relied upon by the appellees and possibly by the trial court, that he was unable to find among the county records the plat *referred to in the county commissioners' minutes* was an unjustified conclusion on that clerk's part. It is completely negated by the presence in evidence of the 1886 plat. The fact that neither the clerk nor the court recognized the 1886 plat as being the plat referred to in the 1909 minutes of the commissioners' proceeding is no evidence that this plat was not that plat to which the commissioners' minutes made reference.

Other points raised upon the appeal are not important or are inapplicable in view of the conclusions reached herein.

From what has been said, it should be clear that we hold the proceedings in 1962, attempting the incorporation of the Town of Pine Bluffs to include all of Sections 10 and 15; the West Half of the West Half of Sections 11 and 14; Lots 1, 2, 3, and 4, of Section 11; and Lots 1, 2, 3, and 4, of Section 14, all in Township 14 North of Range 60 West of the Sixth Principal Meridian, Laramie County, Wyoming, were null and void as being in contravention of § 15-138, W.S.1957; that the Town of Pine Bluffs was legally incorporated in 1909, to include the lands and area not vacated by the endorsement of 1896 on the 1886 plat and as shown upon that plat filed of record in the

office of the county clerk and ex-officio register of deeds of Laramie County, Wyoming, on September 16, 1886; that whether or not the additions to the incorporated Town of Pine Bluffs, attempted to be made both before and subsequent to the original incorporation of the town in 1909, were legally and properly completed so as to include such additions within the limits of the incorporated town, the present incorporated Town of Pine Bluffs, Laramie County, Wyoming, does not include within its boundaries plaintiff's lands lying in Section 10, Township 14 North of Range 60 West of the Sixth Principal Meridian, Laramie County, Wyoming; and that the judgment of the district court must be reversed with direction to enter judgment in favor of plaintiff as prayed in her complaint.

Reversed with direction.